RICHARD B. GILPIN *vs.* SAMUEL TEMPLE, who with JAMES THOMAS, were lately trading as THOMAS & TEMPLE.

What is a partnership? This is a question of law.

In an action by third persons, the partnership may be inferred from circumstances.

Even common reputation is evidence, if it be shown to arise from the acts of the partner sought to be charged.

But the acts nor declarations of one partner are not evidence of the partnership to charge another.

NEW CASTLE, November Term, 1844. This was an action of assumpsit, instituted against Samuel Temple and a certain James Thomas, as partners in the blacksmithing business, under the style of Thomas & Temple. James Thomas was not taken. The pleas were non-assumpsit, payment, discount, and set off.

The plaintiff's claim was for iron and other materials sold and delivered. The iron was ordered by Thomas and charged to the firm of Thomas and Temple. A clerk in plaintiff's store proved that Temple had been at plaintiff's store in company with Thomas, and had spoken with the plaintiff about the blacksmithing business which they were carrying on.

Question. Were they generally considered and known in the neighborhood as partners? Objected to.

*Wales.*—The relation of partners can only exist by a contract, and can be made known only by their acts or declarations. (2 *Saund. Pl. and Ev.* 710.)

*Johnson.*—The evidence of a partnership as between partners is much more strict than in relation to third persons. A third person dealing with the firm is not bound to show a contract of partnership; all he is bound to show is that the parties held themselves out to the public as partners. And for this purpose common reputation is sufficient; with corroborating circumstances. (14 *Johns. Rep.* 215.)

*Clayton.*—The distinction is clear between cases where the partners themselves are seeking to establish the partnership, and cases where third persons seek to charge persons as partners. In the latter case it would not be reasonable to require the same strictness of proof as in the former. Any thing which reasonably affords evidence to the public of the existence of a partnership is sufficient. (*Story on Part.* 82, 96.) Evidence of a partnership may arise from the declarations of the parties, or other circumstances, that they so held themselves out to the public. The Supreme Court of New York, after argument, held that general reputation in the neighborhood is one of those circumstances competent to be given in evidence in proof of the partnership.

*Wales.*—I do not contend that there must be an express contract of partnership proved. I agree that if the defendant has held himself out to the public as a partner, or done any acts to give Thomas credit on the partnership account, that these would charge him. But these acts must be proved, and not merely public rumor or opinion as distinct from the acts. The defendant here lived in the country; had nothing to do with Thomas' business, which was in Wilmington. The authority from Story only refers to the acts and declarations of the party *to be charged;* the attempt here is to give in evidence the reputation in the neighborhood, which of course, must arise from the acts of the other partners. The solitary case produced is a decision in New York, in 1817; and in that case there was proof of *acts* of the party sought to be charged, as well as the reputation.

*By the Court:*

The inclination of our minds is against the admissibility of this evidence. It is nothing more than hearsay evidence, which is admissible only in cases of pedigree, &c. &c. General reputation of a partnership might arise from the declarations of Thomas, unknown to Temple, and which ought not to charge Temple; and yet, after proof of acts or declarations of Temple himself, giving out to the public the idea of a partnership, it would seem reasonable that such evidence of reputation should be admitted. Such is the decision of the Supreme Court of New York, on the authority of which we shall admit the evidence, but shall expressly state to the jury that if this reputation is not proved to have originated with, or be founded on, the acts or declarations of this defendant, Temple, it is not to be considered by them in proof of the partnership.

The case turned on this question exclusively, as to which the court charged :—

BOOTH, *Chief Justice.*—The right of the plaintiff to recover depends upon the fact whether there was a partnership existing between this defendant and James Thomas. This is the only question in the cause. What constitutes a partnership is a question of law. Whether a partnership exists is a question of fact. Where the suit is between parties as partners, strict proof is required of the existence of the partnership; of the community in profits and losses ; and of the contract itself of partnership. But the case is very different where the suit is by a third person against persons who are sought to be charged as partners. In such case, all those circumstances from which the existence of a partnership may be fairly and reasonably inferred, are properly to be taken into consideration by a jury. Hence, if there is sufficient proof that the defendant by his acts and declarations has admitted or acknowledged himself to be a co-partner, or that he has dealt with others as a member of the firm, or represented himself as a partner, and was trusted as such in consequence of such representations—all these are circumstances from which a partnership may be inferred. So also where it is clearly shown that the parties have held themselves out to the world as partners, or have jointly participated in the profits of the concern in respect to which the action is brought, a partnership may be inferred. And even where, in point of fact a partnership did not exist, but the parties have held themselves out to the world as partners, and thus gained a credit as such, each one is liable as a partner to third persons trusting or confiding in them as such. But the acts or admissions of only one of the persons alledged to be a member of the firm, are no evidence to establish a partnership against the defendant, who is sought to be charged as a partner. Therefore, the acts or admissions of James Thomas are no evidence against this defendant; and no act done by third persons which affects to treat the parties as partners, is evidence against the person charged as a partner, unless such act has been recognized by him. The plaintiff's books of account are no evidence to establish a partnership. Nor is the pass-book spoken of any evidence for that purpose, unless the jury have proof that it was acknowledged or recognized by the defendant.

         The defendant had a verdict.

*Johnson* and *Clayton*, for plaintiff.
*Wales*, for defendant.